UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOBIN SATHER,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, DAN PACHOLKE, JAMES KEY, THOMAS ORTH, JOHN DOE, JOHN DOE,

    Defendant.

CASE NO. 3:16-CV-05503-BHS-DWC

ORDER ON MOTION TO COMPEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Tobin Sather filed a Motion to Compel Discovery ("Motion") on December 1, 2016. Dkt. 13. After review of the Motion and relevant record, the Motion is denied.

**BACKGROUND**

On July 29, 2016, Plaintiff served interrogatories and requests for production on Defendants. Dkt. 14, Plaintiff Declaration. Defendants responded to the discovery requests, and

Plaintiff sought a telephonic discovery conference to discuss Defendants' responses.[1] Dkt. 16, Faber Declaration, ¶¶ 3- 4. Plaintiff and Defendants' counsel, Assistant Attorney General Katherine Faber ("Faber"), conferred on October 11, 2016. *Id*. at ¶ 6. Faber offered to provide 100 pages of responsive documents free of charge.[2] *Id*. Plaintiff could purchase the additional responsive documents at a rate of ten cents per page or Faber would place the documents on a CD a mail the CD to a third party. *Id*.

Faber provided supplemental discovery on October 11, 2016 and October 19, 2016. *Id*. at ¶¶ 7-8. On October 20, 2016, Plaintiff served requests for admissions on Defendants James Key, Thomas Orth, and Lannie Gray. Dkt. 14, Plaintiff Declaration, ¶ 6. Plaintiff and Faber did not confer regarding Plaintiff's October 20, 2016 discovery requests. *See* Dkt. 16, Faber Declaration, ¶ 11.

In the Motion, Plaintiff requests an order from the Court directing Defendants "to produce any and all records, log entries, memoranda, reports, or any other documentary evidence either in print or stored electronically in connection with" this case. Dkt. 13. Plaintiff also requests the Court direct Defendants to pay for the production of discovery documents. *Id*. Defendants filed a Response stating the Motion should be denied because Plaintiff failed to confer with Defendants regarding the disputed discovery requests. Dkt. 15.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 37(a)(1):

---

[1] Plaintiff requested a conference regarding Defendants' (1) evasive and repetitions objections within Interrogatories 1 through 18; (2) bare and unfounded assertion that Interrogatories 1 through 18 were "overbroad" and "unduly burdensome;" (3) consecutive failure to provide an answer to Interrogatory 18; (4) prejudicial use of the term "trap" in their objections to Interrogatories 13, 14, and 18; (5) prejudicial reasoning for not fully answering Interrogatories 1-3 and 16-17; (6) reliance on pattern form objections; (7) failure to provide previous made statements as requested in Interrogatories 2 and 3; and (8) failure to respond to Interrogatory 16. Dkt. 14, pp. 20-21.

[2] Faber offered to provide 25 pages of discovery documents for free. She offered to print two discovery documents per page and double-sided, resulting in 100 pages of responsive documents. Dkt. 16, Faber Declaration, ¶ 6.

      . . . On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

      Here, Plaintiff seeks a Court order directing Defendants to provide Plaintiff with copies of or allow Plaintiff to inspect "any and all records, log entries, memoranda, reports, or any other documentary evidence either in print or stored electronically in connection with" this case at their expense. *See* Dkt. 13, 17, pp. 4-5. In his requests for production, Plaintiff asked for "any and all documentation" relating to various interrogatories. *See* Dkt. 14, pp. 12-17. The Court finds Plaintiff did not serve a request for production requesting production of "any and all records, log entries, memoranda, reports, or any other documentary evidence either in print or stored electronically in connection with" this case. As Plaintiff has not requested the disputed discovery from Defendants, the Motion is premature. Accordingly, Motion is denied without prejudice.

      The Court notes Plaintiff has requested the production of some documents related to interrogatories and the parties have conferred regarding the dispute over the expense of discovery documents. *See* Dkt. 14, p. 21; Dkt. 16, Faber Declaration, ¶ 6. Faber offered to provide up to 100 pages of responsive documents free of charge. *Id*. Plaintiff could purchase the additional discovery response documents at a rate of ten cents per page or Faber would place the documents on a CD a mail the CD to a third party. *Id*. The Court finds Faber provided Plaintiff with two options to inspect discovery documents: (1) paid copies or (2) a free CD mailed to a third party. However, there is no evidence the parties discussed whether Plaintiff could inspect discovery documents in Faber's presence. Therefore, the Court directs the parties to confer to

1  determine if Faber can meet with Plaintiff to allow him to inspect the documents requested in the

2  July 29, 2016 discovery requests in her presence.[3]

3        Dated this 6th day of January, 2017.

                                          David W. Christel
                                          United States Magistrate Judge

---

[3] Plaintiff alleges Defendants should be required to provide all the documentation free of charge pursuant to General Order 09-16. *See* Dkt. 17. Amended General Order 09-16, which became effective December 1, 2016, orders a one-year discovery pilot project for cases filed by *pro se* prisoners against the Department of Corrections or its employees. *See* Amended General Order 09-16. Amended General Order 09-16 is not applicable here as the Pretrial Scheduling Order entered in this case did not require initial disclosures. *See* Dkt. 7. Further, while Amended General Order 09-16 requires Defendants to provide 50 pages of initial disclosures, any additional initial disclosures must be paid by the discovering party (i.e. Plaintiff in this discovery dispute) at a rate of ten cents per page. Therefore, even if Amended General Order 09-16 was applicable in this case, it would not entitle Plaintiff to free copies of his requests for production.