1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                   AT TACOMA

10    TOBIN SATHER,

11                    Plaintiff,                    CASE NO. 3:16-CV-05503-BHS-DWC

12        v.                                        REPORT AND RECOMMENDATION

13    JAMES KEY, THOMAS ORTH,                       Noting Date: May 12, 2017
      BERNARD E WARNER, LANNIE
14    GRAY, RAHN DOTY,

15                    Defendants.

16
            The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United
17
      States Magistrate Judge David W. Christel. Presently before the Court is Defendants Washington
18
      State Department of Corrections ("DOC"), Dan Pacholke, James Key, Thomas Orth, and Lannie
19
      Gray's Motion for Summary Judgment. Dkt. 19. After review of the Motion, the Court
20
      recommends the Motion be denied as moot and Defendants DOC, Pacholke, and John Does be
21
      dismissed from this action.
22
            In the Motion, Defendants DOC, Pacholke, Key, Orth, and Gray seek dismissal of this
23
      action primarily because Plaintiff failed to state a claim upon which relief can be granted. *See*
24

Dkt. 19. On April 20, 2017, Plaintiff filed the Amended Complaint. Dkt. 29. The Court directed all current Defendants named in the Amended Complaint (James Key, Thomas Orth, Lannie Gray) to file a response. *See* Dkt. 31. The Court also directed service of the Amended Complaint on the newly named Defendants (Bernard Warner and Rahn Doty). *See* Dkt. 30.

An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The Motion attacks the Complaint, which is now "non-existent." *See* Dkt. 19. Further, after review of the Amended Complaint, Plaintiff has included additional facts relating to his claims against Defendants Key and Orth, and has withdrawn his claims against Defendants DOC, Pacholke, and John Does. *See* Dkt. 29. Defendants Key and Orth have therefore been ordered to respond to the Amended Complaint.

Accordingly, the undersigned recommends the Motion (Dkt. 19) be denied as moot, but Defendants Key and Orth be allowed to re-file a dispositive motion based on the allegations contained in the Amended Complaint. *See Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint); *Nelson v. City of Los Angeles*, 2015 WL 1931714, *22 (C.D. Cal. Apr. 28, 2015) (recommending summary judgment motions be denied without prejudice to their reassertion after the plaintiff was given leave to amend because the motions for summary judgment were based on the original complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov.6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied

without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

Additionally, the undersigned recommends Defendants DOC, Pacholke, and John Does be dismissed from this action because they are not named in the Amended Compliant and did plead a counterclaim in this case. *See* Fed. R. Civ. P. 41(a) (once defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper").

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 12, 2017, as noted in the caption.

Dated this 25th day of April, 2017.

David W. Christel
United States Magistrate Judge