UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOBIN SATHER,<br><br>               Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF CORRECTIONS,<br>et al.,<br><br>               Defendants. | CASE NO. C16-5503 BHS<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 50), Plaintiff Tobin Sather's ("Sather") objections to the R&R (Dkt. 52), and Sather's motion for extension of time (Dkt. 51).

On January 22, 2018, Judge Christel issued the R&R recommending that the Court grant Defendants Rahn Doty, Lannie Gray, James Key, Thomas Orth, and Bernard Warner's ("Defendants") motion for summary judgment on Sather's federal claims and decline to exercise supplemental jurisdiction over Sather's state law claims. Dkt. 50. On February 7, 2018, Sather filed a motion for extension of time to file objections and his

objections. Dkts. 51, 52. The Court grants the motion for extension of time and will consider the objections. On February 16, 2018, Defendants responded to Sather's objections. Dkt. 53

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Sather asserts four major objections to the R&R. First, Sather argues that Judge Christel should have applied the "forward looking" standard to his denial of access claim instead of a "backward looking" standard. Dkt. 52 at 3–5. In short, courts apply the "forward looking" standard to potential litigation and the "backward looking" standard for claims based on the frustration of current litigation. *Christopher v. Harbury*, 536 U.S. 403, 414 (2002). Sather's claim is based on Defendant Key's frustration of pending hearings, which are facts that warrant the "backward looking" standard because the actions allegedly frustrated ongoing litigation. Sather provides no authority for the proposition that, because Defendant Key knew of the hearing before he acted, the Court should apply the "forward looking" standard to the claim. Therefore, the Court rejects the objections and adopts the R&R on this issue.

Second, Sather argues that the application of the "backward looking" approach amounts to a denial of his substantive due process rights because he experienced actual injury at the time of the alleged interference. Sather failed to submit evidence that Defendant Key's interference actually prejudiced his claims in his pending litigation,

which is fatal to a denial of access claim. *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) ("Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived.") (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996)). The only possible due process claim is that Defendant Key's alleged abuse of power was arbitrary, egregious, and "shocks the conscience." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The Court agrees with Sather that the R&R does not address this claim. The parties, however, have briefed it. *See* Dkt. 47 at 15, 48 at 6. Even if Defendant Key prevented Sather from attending a court hearing via a specific telephone, Sather has failed to submit any evidence that this is conscience-shocking behavior. Therefore, the Court grants Defendants' motion on this potential claim.

Third, Sather argues that the existence of a state post-deprivation remedy does not justify summary judgment in Defendants' favor. Dkt. 52 at 7–8. Contrary to Sather's argument, the existence of a meaningful post-deprivation remedy in state court does extinguish a claim for violation of federal due process rights. *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984); *Parratt v. Taylor*, 451 U.S. 527, 537-38 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Therefore, the Court adopts the R&R on this issue.

Finally, Sather argues that he has met his burden to establish a material question of fact on his retaliation claim. Dkt. 52 at 8–10. Sather, however, only submitted circumstantial evidence that the timing of his transfer coincided with the submission of his grievances. Even if this evidence is sufficient to shift the burden to Defendants, they have submitted a declaration establishing that Sather was moved because of an

investigation into the conduct of a staff member and for his own personal safety. Dkt. 22, ¶ 7. These are legitimate correctional purposes. Sather fails to submit any evidence that creates a material question of fact on this issue and, therefore, fails to meet his burden on this element in opposition to summary judgment. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). Accordingly, the Court grants Defendants' motion on Sather's claim, whereas the R&R only recommends dismissing the claim for failure to state a claim. Dkt. 50 at 10.

Therefore, the Court having considered the R&R, Sather's objections, and the remaining record, does hereby find and order as follows:

(1) Sather's motion for extension of time is **GRANTED**,

(2) The R&R is **ADOPTED**;

(3) Defendants' motion for summary judgment is **GRANTED**;

(4) Sather's *in forma pauperis* status is **REVOKED** for purposes of appeal; and

(5) The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 27th day of March, 2018.

BENJAMIN H. SETTLE
United States District Judge